Lesliee Armida HURTADO CASTILLO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–71816.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 20, 2005.*

Decided Oct. 26, 2005.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margot L. Nadel, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM **

Lesliee Armida Hurtado Castillo petitions for review of the Board of Immigra-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion Appeals' ("BIA's") denial of her requests for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure. We dismiss the petition in part and deny it in part.

We must review the decision of the district court under the substantial evidence standard. *See INS v. Elias–Zacharias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ Having considered the record as a whole, we conclude that substantial evidence supports the immigration judge's ("IJ's") determination that Hurtado Castillo did not suffer past persecution. The harassment she endured on the one occasion she was followed was less severe than the harassment other asylum applicants have suffered in cases in which this court has upheld findings of "no past persecution." *See, e.g., Lim v. INS,* 224 F.3d 929, 923–33, 936–37 (9th Cir.2000) (upholding a determination of "no past persecution" when an asylum applicant was threatened with death, followed, and put on a death list, notwithstanding the killings of colleagues who had received similar threats).

Substantial evidence also supports the IJ's determination that Hurtado Castillo does not have a well-founded fear of future persecution. Citing the United States Department of State's "Guatemala Country Report on Human Rights Practices for 1998," the IJ noted that relevant country conditions have improved markedly since the time of Hurtado Castillo's uncles' deaths and since her departure from Guatemala. Although the IJ did not cite contradictory reports in the record, it is within the province of the BIA, not the court of appeals, to choose how to evaluate a State Department country report. *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999–1000 (9th Cir.2003); *see INS v. Orlando Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) ("The agency can bring its expertise to bear upon [the issue of changed country conditions].")*; see also Molina–Estrada v. INS,* 293 F.3d 1089, 1096 (9th Cir.2002) (holding that, absent a showing of past persecution, a State Department report offered substantial evidence of changed country conditions sufficient to defeat a claim of well-founded fear).

Hurtado Castillo also argues, for the first time on appeal, that she was persecuted on account of her membership in a particular social group. Because she failed to make reference to this claim before the BIA, however, we must dismiss it for lack of jurisdiction. *See Ladha v. INS,* 215 F.3d 889, 901 n. 13 (9th Cir.2000).

Consistent with our determination that the evidence does not compel Hurtado Castillo's eligibility for asylum, we likewise hold that Hurtado Castillo has not met her higher burden of showing that it is "more likely than not" she would be persecuted upon return to Guatemala, as required to demonstrate entitlement to withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001). We deny the claim for protection under the Convention Against Torture under a similar "more likely than not" standard. 8 C.F.R. § 208.16(c)(2).

■ Hurtado Castillo also argues that the IJ violated her due process rights under the Fifth Amendment by cutting off her testimony regarding her stepfather's continued presence in Guatemala. We will only reverse on due process grounds if a proceeding was both prejudicial and "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (quoting *Platero–Cortez v. INS,* 804 F.2d 1127, 1132 (9th Cir.1986)). The IJ here allowed Hurtado Castillo to

present several pages' worth of testimony about her stepfather's objective experiences, cutting short only testimony concerning his subjective fear. Accordingly, we deny the due process claim.

Finally, Hurtado Castillo argues that the IJ's discretionary denial of voluntary departure was improper. This court, however, lacks jurisdiction to review denials, whether statutory or discretionary, of voluntary departure. 8 U.S.C. § 1229c(f); *see Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003). We must therefore dismiss the petition with respect to the voluntary departure claim.

DISMISSED in part and DENIED in part.